IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL PHILLIPS                                                                                              PLAINTIFF

v.                                          Civil No. 4:18-cv-04096

JAMES SINGLETON, Sheriff, Hempstead County;
JOHNNY GODBOLT, Captain, Hempstead County
Jail; and HEMPSTEAD COUNTY                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Michael Phillips, pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's Motion for a Court Order for Allergy Skin Testing Analysis.  (ECF No. 15).  Defendants filed a Response in opposition to the motion.  (ECF No. 16).

**I.  BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ester Unit ("EU").  Plaintiff filed his initial Complaint on June 12, 2018, in the Eastern District of Arkansas.  (ECF No. 2).  The following day, the case was transferred to the Western District, Texarkana Division.  (ECF No. 4).  Plaintiff has named Hempstead County, Arkansas, Sheriff James Singleton and Captain Johnny Godbolt as Defendants in this action.    Plaintiff claims he was exposed to black mold while he was incarcerated in the Hempstead County Detention Center between February 17, 2018 and April 19, 2018, which caused him "to experience headaches, high blood pressure, [cough] up blood, and developed a fungus as well as sores on the top of his head".

1

(ECF No. 2, p. 5).

Plaintiff filed the instant motion on August 27, 2018, asking the Court to "issue a court order for him to receive an IGE (ImmunogloBuline) Allergy Skin Test Analysis and that the results be filed with the Court." (ECF No. 15, p. 2). The Court interprets Plaintiff's request as a motion for a preliminary injunction. Defendants filed a Response to Plaintiff's motion arguing he is not entitled to a preliminary injunction because Plaintiff does not specify how the allergy skin test is relevant to this lawsuit against the Defendants nor does he allege facts to support a conclusion that he is in immediate danger of irreparable harm. (ECF No. 16).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204,

206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

Plaintiff seeks a preliminary injunction ordering that he receive skin allergy testing.[1] As noted above, Plaintiff is currently held by the ADC. He has not sued the ADC nor named any employee or official of the ADC as a defendant in this lawsuit. His request is for the Court to order a non-party, the ADC, to take affirmative action. A nonparty may be enjoined under Rule 65(d) only when its interests closely "identify with" those of the defendant, when the nonparty and defendant stand in "privity," or when the defendant "represents" or "controls" the nonparty. *See Chase National Bank v. City of Norwalk*, 291 U.S. 431, 436-37 (1934); *Kean v. Hurley*, 179 F.2d 888, 890 (8th Cir. 1950). Here, there is no allegation the ADC is "closely identified with", or is "in privity" with the named Defendants. Nor is there any allegation the named Defendants "represent" or "control" the ADC. For this reason alone, the request for preliminary injunction should be denied.

Even assuming, the ADC were in privity with or controlled by the named Defendants, as set forth below, Plaintiff is not entitled to injunctive relief under *Dataphase.*

---

[1] Plaintiff does not specify who will pay for the testing or whether he intends to hire an expert to interpret the results of any testing.

### A. Success on the Merits

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. However, courts are not concerned with *de minimis* levels of imposition on inmates. *See Bell v. Wolfish,* 441 U.S. 520, 535 (1979).

Here, Plaintiff alleges was exposed to black mold for a period of approximately two months in the Hempstead County Detention Center. He also claims Defendants were aware of the mold and "did nothing more than paint over the problem, only for it to grow back through the paint".

(ECF No. 2, p. 5). Defendants filed their answer denying Plaintiff's allegations. (ECF No. 12). Therefore, at least at this juncture, the Court finds it is questionable whether Plaintiff's claims for unlawful conditions of confinement will be successful on the merits.

### B. Irreparable Harm

Second, a preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Plaintiff is no longer incarcerated in the Hempstead County Detention Center. Therefore, he is no longer being exposed to the alleged unlawful conditions of confinement relating to mold. In addition, Plaintiff states he is currently being treated by a physician at the ADC for the sores and fungus on the top of his head. Finally, he has not presented any facts to demonstrate the allergy testing analysis will have any effect on his current medical condition. Thus, Plaintiff does not appear to be in any danger of immediate or irreparable harm if the allergy testing is not done. *See Williams v. Correctional Medical Services,* 166 Fed. Appx. 882, (8th Cir. 2006) (Plaintiff's claims concerning Hepatitis C testing and treatment showed neither threat of irreparable harm or likelihood of success on the merits to warrant a preliminary injunction). Accordingly, Plaintiff has failed to demonstrate he will suffer irreparable harm while this case proceeds on the merits.

### C. Balance of Harm

Third, in balancing the harm if the injunction is granted to the Defendants – or ADC officials at the EU where Plaintiff is currently incarcerated - the balance favors the Defendants and the ADC officials. The Defendants have no control over the treatment of Plaintiff at the ADC. Moreover, granting the injunction would amount to this Court interfering with the exercise of the

judgment of the ADC officials at the EU. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff,* 60 F.3d at 520.

### D. Public Interest

Finally, in assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise state prisons, [including their medical providers] the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's allegations would amount to direct interference by the Court with the medical operation and administration of the ADC which does not serve any public interest.

## IV. CONCLUSION

Accordingly, I recommend Plaintiff's Motion for a Preliminary Injunction (Allergy Skin Testing Analysis) (ECF No. 15) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 18th day of September 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE